**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0641, <u>State of New Hampshire v. Faustino Brito</u>, the court on March 7, 2018, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Faustino Brito, appeals his conviction, following a jury trial, of aggravated felonious sexual assault. <u>See</u> RSA 632-A:2 (2016). He argues that: (1) the Superior Court (<u>Houran</u> & <u>Tucker</u>, JJ.) may have erred in failing to disclose certain documents that were reviewed <u>in camera</u>; (2) the Superior Court (<u>Howard</u>, J.) erred in sustaining the prosecutor's objection to a question by defense counsel directed to a defense witness; and (3) the verdict was contrary to the weight of the evidence.

The defendant first argues that the trial court may have erred in failing to disclose certain documents that it reviewed <u>in camera</u>. The record shows that the trial court ordered the victim's counseling records to be submitted for <u>in camera</u> review. After conducting its <u>in camera</u> review, the court ordered disclosure of certain counseling records that it deemed were essential and reasonably necessary to the defense, subject to protective orders. <u>See</u> <u>State v.</u> <u>Guay</u>, 162 N.H. 375, 385 (2011) (defendant entitled to information "essential and reasonably necessary to the defense at trial"). The defendant argues that the trial court may have erred if it failed to disclose additional records that were essential and reasonably necessary to the defense at trial, particularly any records that may have been related to the victim's disinterest in making an allegation against him, or to her motive to make an allegation for some reason other than its truth.

We review a trial court's ruling on whether to disclose confidential records after an <u>in camera</u> review for an unsustainable exercise of discretion. <u>State v. Aldrich</u>, 169 N.H. 345, 354 (2016). Based upon our review of the records, we are satisfied that the portions withheld contained no information that was essential and reasonably necessary to the defense. <u>See</u> <u>id</u>. Thus, we conclude that the trial court sustainably exercised its discretion in declining to disclose additional records.

The defendant next argues that the trial court erred by sustaining the prosecutor's objection to a question by defense counsel directed to a defense witness. "The trial court has broad discretion to determine the admissibility of

evidence, and we will not upset its ruling absent an unsustainable exercise of discretion." State v. Stowe, 162 N.H. 464, 470 (2011). "To prevail under this standard, the defendant must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case." Id.

The defendant argues that the testimony that he sought to elicit from the witness was intended to correct a misleading impression created by the prosecutor during cross-examination. The record shows that the prosecutor elicited from the witness during cross-examination that she had known the defendant for thirty years, that she loved him, and that she did not want him to get in trouble. At the outset, we reject the defendant's contention that these facts, which exposed the witness's possible bias, created a misleading impression. We also note that defense counsel asked the question at issue, "Do you think [the defendant] should get in trouble for this crime?", and that the witness answered, "No," before the prosecutor objected. At a bench conference, the court ruled that the question was improper because it related to "her opinion of whether he's guilty or not." However, the prosecutor did not ask the court to strike the answer, and the court did not instruct the jury not to consider it. The defendant argues that the court's ruling prevented him from showing that the witness "also had the more general interest in providing testimony so as to prevent the conviction of an innocent person."

The record shows, however, that the witness already had testified that she believed that the defendant was innocent. Earlier in the cross-examination, the prosecutor had asked the witness, "[Y]ou don't want [the defendant] to get in trouble, right?", and she answered, "He didn't do anything, no." In addition, the witness testified on direct examination that although she loved the defendant, she would not lie for him. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in sustaining the prosecutor's objection to the defense counsel's question. See State v. Stowe, 162 N.H. at 470.

Finally, the defendant argues that the trial court erred in denying his motion to set aside the verdict as contrary to the weight of the evidence. "Although a verdict may be supported by sufficient evidence, a trial court may nevertheless conclude that the judgment is against the weight of the evidence." State v. Spinale, 156 N.H. 456, 465 (2007) (quotation omitted). "The weight of the evidence is its weight in probative value, not the quantity or amount of evidence." Id. (quotation omitted). The trial court's assessment is basically a determination "that a greater amount of credible evidence supports one side of an issue or cause than the other." Id. (quotation omitted). "[A] motion addressed to the weight of the evidence primarily presents a question of fact for the trial court" and, therefore, we "will uphold the trial court's decision unless it was made without evidence or constituted an unsustainable exercise of discretion." Id. at 465–66.

To support his argument that the jury's verdict was against the weight of the evidence, the defendant notes that the victim did not allege that he assaulted her until approximately one month after the assault occurred, and that there was no evidence to corroborate her testimony. He also asserts that no adult close to the victim noticed anything different about her behavior prior to her first disclosure. However, corroborating evidence is not required in sexual assault cases, see RSA 632-A:6, I (2016); State v. Cook, 148 N.H. 735, 742 (2002), and the mother testified that the victim started wetting her bed at night following the assault, prior to any disclosure.

The defendant also notes that there was evidence that the victim was angry with the defendant for refusing her request for five dollars; however, the victim denied having falsely accused the defendant for this reason and testified that she was being truthful. The defendant also asserts that the victim was sent to counseling to prepare her to make an allegation to authorities, and that the counselor told her what to say at the forensic interview. However, the counselor testified that her goal was not to help the victim prepare for the interview, but to help her learn to cope with what had happened, and to deal with its negative effects. The counselor denied having told the victim what to say during the interview.

Based upon this record, we conclude that the trial court's denial of the defendant's motion to set aside the verdict as against the weight of the evidence was supported by the evidence at trial and did not constitute an unsustainable exercise of discretion. See Spinale, 156 N.H. at 465–66.

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

3